# Butler *versus* Urch.

1. A justice of the peace can exercise no jurisdiction in deciding a controversy, wherein the claim in dispute exceeds $100.

2. If parties appear before a justice, with or without a summons, and agree upon the state of accounts between them, and one confesses judgment in favor of the other, for a sum exceeding $100, he has jurisdiction to enter and enforce it.

ERROR to the Court of Common Pleas of *Erie county.*

On the 26th of November, 1855, Jonas W. Urch brought suit before a justice of the peace, against William A. Donaldson, returnable December, 1, 1855, which was personally served. "December 1, 1855, parties appear and settle, and agree on the balance due, to be $106.22." December 15, 1855, J. J. M. Butler became bail absolute for stay of execution. The debt not being paid, and defendant insolvent, a *scire facias* was issued against J. J. M. Butler, on the 31st January, 1857, upon his recognizance for stay of execution. Butler did not appear before the justice, and judgment was entered against him by default for $116.72, and costs. The case was then appealed to the Common Pleas, when a stated case, embracing all the foregoing facts, was agreed upon, concluding as follows :—

"If upon the above statement of facts, the court is of opinion that the justice of the peace had jurisdiction in the case of *Jonas W. Urch* v. *William A. Donaldson,* first above mentioned, and the judgment confessed in that case is valid, then judgment to be entered in this case in favor of the plaintiff, for the sum of $116.72, with interest thereon, from the 5th day of February, 1857, with costs ; but in case the court is of the opinion that said judgment is void for want of jurisdiction in the justice, then judgment to be entered for defendant, with costs."

Upon this stated case, the court entered judgment for the plaintiff, and defendant takes this writ of error, and complains of the entry of judgment on the case stated.

*De Camp,* for plaintiff in error, contended that the judgment in this case should have been for the defendant below, as the case stated shows that the parties were brought before the justice by adversary process, and the sum for which the judgment was entered by the justice, was above $100, and also costs. To give the justice jurisdiction of a sum exceeding $100, the parties must voluntarily appear before him for that purpose. See Purdon's Digest for 1853, p. 481, § 30. The same principle is decided in 10 Watts, 118. The apparent consent and settle-

[Demarest *v.* McKee et al.]

ment of the parties add nothing to the validity of the judgment, after being brought before him by compulsory process. It must be voluntary, and this the record of the justice should show. The record shows the reverse, and the defendant is charged with the costs. Consent cannot cure the want of jurisdiction, and does not give it. This is abundantly shown. See 1 Serg. & Rawle, 27 ; 2 Id. 489 ; 4 Id. 190.

*Marshall*, for defendant in error.

The opinion was delivered October 21, 1858.

Per Curiam.—The rule insisted on by the plaintiff in error, would be eminently unjust if applied to this case. But we cannot regard it as having any existence. A justice of the peace can exercise no jurisdiction in deciding a controversy, wherein the claim in dispute exceeds $100. But if the parties appear before him, with or without summons, and agree upon the state of the accounts between them, and one confesses judgment in favor of the other, for a sum exceeding $100, he does not exceed his jurisdiction in entering and enforcing it.

Judgment affirmed.