## Trimbath *et ux. versus* Patterson *et al.*

76    277
24 SC ¹394

1. It is essential in proceedings under the Landlord and Tenant Act of April 3d 1830, that the jurisdiction of the justice should be shown *affirmatively* on the record.

2. The act does not authorize proceedings against a tenant for life or in fee under a perpetual lease, but the jurisdiction under it is limited to a demise for years or less period.

3. It is fatal to the justice's proceedings, if the record does not show the term for which the premises were demised.

4. The omission to ascertain and determine the amount of rent in arrear and endorse the same on the writ of possession is error.

5. It is error to issue a writ of possession on the day judgment is entered, the act prohibiting it from being issued within five days after judgment.

6. McDermott *v.* McIlwain, 25 P. F. Smith 341, adopted.

May 20th 1874. Before SHARSWOOD, WILLIAMS, MERCUR and GORDON, JJ.

Error to the Court of Common Pleas of *Blair county :* No. 22, to May Term 1874.

The proceedings in this case were under the Landlord and Tenant Act of April 3d 1830, Pamph. L. 187, 2 Br. Purd. 884, before a justice of the peace, to recover possession of premises alleged to have been demised, for non-payment of rent.

The justice's docket entry was as follows:—

"EDWARD PATTERSON, ANDERSON PATTERSON, Deceased, heirs, *v.* EDWARD TRIMBATH, per his wife, Jane. } Landlord and tenant case before E. McKiernan, one of the justices of the peace in and for the county of Blair.

"April 26th 1873. Plaintiff appears and complains on oath, according to law, that there was leased to Jane Kinney, now intermarried with Edward Trimbath, reserving rent a certain house and lot of ground, situate on the north side of Front street, in the town of Williamsburg, and numbered in plan of said town No. 11, and now occupied by the said Edward Trimbath, and Jane his wife, which said premises is and has been the property of the said plaintiff and Anderson Patterson, deceased, since the fourth Monday of April, A. D. 1865, which said rent is in arrears and unpaid, and that there are not sufficient goods and chattels on the premises to pay and satisfy the said rent, except such as are by law exempt from levy and sale; and that the lessees have, after being notified according to law, refused to remove from and deliver up possession of the said premises. Same day summons issued to constable of Woodberry township, returnable Saturday, May 3d 1873, at one o'clock P. M. Returned; served personally on defendants, by reading and contents, April 26th 1873; answers

[Trimbath *v.* Patterson.]

constable; and now, May 3d 1873, plaintiff and Edward Trimbath appear, and defendant says they claim by purchase from A. Patterson.

" A. Patterson sworn.   Plaintiff produces a deed for the said premises from Essington Hammond, dated the 28th day of December 1872.   Whereupon, on hearing, the said justice finds that the above or within complaint is in all particulars just and true, and enters judgment against said defendants; that they shall deliver actual possession of the said premises to the plaintiff.

" Writ of possession issued to the constable of Woodberry township, returnable May 13th 1873.   Writ of possession taken up May 6th 1873."

The writ of possession recited the proceedings before the justice and concluded :—

" Therefore, we command you, the said constable, judgment having been entered by our said justice against the said Edward Trimbath, and Jane his wife, forthwith to deliver actual possession of the said premises to Edmund Patterson, the lessor, and we also command you that you levy the costs endorsed hereon on the goods and chattels of the said Edward Trimbath, and Jane his wife. And hereof fail not and of your proceedings herein, together with this writ make return to our said justice, within ten days, to wit, on or before 13th day of May, instant."

The writ was endorsed :—

" Writ of Possession : E. Patterson *v.* Edward Trimbath and wife.   Served notice on defendants May 6th 1873.   Fee 40 cents.
                    " JAMES D. ALLENDER, constable."

The defendants removed the proceedings into the Court of Common Pleas by certiorari, and took a number of exceptions to the justice's proceedings.

The exceptions were there overruled and the proceedings affirmed, and an *habere facias possessionem* issued to deliver possession to " E. Patterson and A. Patterson's heirs."

The defendants removed the record to the Supreme Court, and there assigned for error :—

2. The justice had no jurisdiction of the case when it appeared that the possession was claimed by Jane Trimbath, under title from Adolphus Patterson.

3. The complaint and inquisition do not show that the occupants were tenants of the plaintiff, or of any other person from whom he derived title.

4. The record does not show when or by whom the premises were let.

5. The record shows a recovery of the entire possession at the suit of one tenant in common.

6. The judgment against Jane Trimbath is void, having been

[Trimbath *v.* Patterson.]

rendered without her appearance, and without a verification of the return of service by the oath of the constable.

7. The justice did not ascertain and determine the amount of rental due.

8. The complaint and inquisition does not disclose the nature of the tenancy, the amount of rent payable, the commencement of the term, nor the date and length of notice to quit.

*S. S. Blair,* for plaintiffs in error.—The jurisdiction under the landlord and tenant laws is special, and the record of the magistrate must contain every essential to support it.   Nothing can be taken by intendment: Givins *v.* Miller, 12 P. F. Smith 133; Fahnestock *v.* Faustenauer, 5 S. & R. 178.   The complaint must allege that the premises were let by the plaintiff to the defendants: Vund *v.* Vanvleet, 2 Phila. R. 41.

*H. M. Baldridge,* for defendants in error.—The mere claiming of the possession under a purchase by parol from Adolphus Patterson would not oust the jurisdiction of the justice: Essler *v.* Johnson, 1 Casey 350.   It is not required by the statute that the complaint shall expressly state that the premises were let by the plaintiff: McKeon *v.* King, 9 Barr 213.   The delivery of possession to Edmund Patterson was a delivery to all of the plaintiffs. A substantial compliance is all that is required: Snyder *v.* Carfrey, 4 P. F. Smith 90; Buchanan *v.* Baxter, 17 Id. 350; Buckmyer *v.* Dubs, 5 Binney 31.

Mr. Justice WILLIAMS delivered the opinion of the court, July 2d 1874.

The main question in this case was decided in McDermott *v.* McIlwain, 25 P. F. Smith 341.   It was there ruled, for reasons which need not be repeated, that it is essential to the validity of proceedings under the Landlord and Tenant Act of April 3d 1830, Pamph. L. 187, to obtain possession of demised premises for the non-payment of rent, that the jurisdiction of the magistrate should be affirmatively shown by the record.   The act does not authorize proceedings against a tenant for life, or in fee under a deed of perpetual lease; but the jurisdiction which it confers is limited to the case of a demise for years, or for a less period, and therefore it is a fatal defect if the record does not show the term for which the premises were demised.   In the case before us the record does not show that the complainants, or any one under whom they claim title, demised the premises to Mrs. Trimbath, nor does it show that they were demised to her for a term of years or a less period, and consequently there is nothing on the face of the record showing that the magistrate had jurisdiction of the proceedings.

The omission to ascertain and determine the amount of rent

actually due and in arrear, and endorse the same on the writ of possession, was clearly an error.   The act requires this to be done in order that the tenant may, if he sees fit, supersede the writ by paying to the constable, for the use of the lessor, the amount of the rent together with the costs of the proceeding.   And it was a flagrant error, though not assigned as such, to issue a writ of possession on the day the judgment was entered, in face of the provision that no writ of possession shall be issued for five days after rendition of judgment.   There is nothing of substance in the other assignments that call for special notice or discussion.   The want of jurisdiction is fatal to the whole proceeding, and, if the demise was in fact for a term of years, the defect in the record is irremediable.

The judgment of the court below is reversed, and the proceedings of the justice of the peace are set aside at the costs of the complainants, the defendants in error.