Opinion by
Mr. Chief Justice Mercur:
This was a proceeding by a landlord against his tenant, under the act of April 3, 1830, to obtain possession of the demised premises by reason of the nonpayment of rent.
When a summary proceeding given by statute, in derogation of the common law, is commenced, the facts necessary to give jurisdiction must appear on the face of the record. Camp v. Wood, 10 Watts, 118; Graver v. Fehr, 89 Pa. 460; Murdy v. McCutcheon, 95 Pa. 435.
This act of 1830, and proceedings thereunder, have been several times considered by this court. It is held that the act does not authorize proceedings against a tenant for life, nor against a ground tenant in fee. It is restricted to a demise for years, or at will. As the complaint is the basis of the proceeding it must set forth all the facts necessary to give jurisdiction to the justice. McDermott v. McIlwain, 75 Pa. 341; Trimbath v. Patterson, 76 Pa. 277.
An examination of the complaint in the case before us shows that it does not contain any averment as to when the term commenced nor when it is to end. Nothing therein indicates whether it be for life, or for years, or at will. It is, therefore, radically defective. It wholly fails to set forth facts necessary to give jurisdiction to the justice of the peace, and the learned judge erred in not reversing the proceedings.
Judgment reversed, and the proceedings of the justice are set aside at the costs of the complainant, the defendant in error.