## WARNER *v.* JENKS.

JUSTICES OF THE PEACE; JUDGMENT; JURISDICTION.

1. Where, at the instance of the defendant in a suit before a justice of the peace, the cause has been removed by writ of *certiorari* to the Supreme Court of the District of Columbia, and, after trial, a judgment has been rendered for the plaintiff, such judgment is not void for want of jurisdiction, although the writ of *certiorari* was irregularly issued and would have been quashed on motion by the plaintiff.

2. *Quære,* whether in such a case the defendant could be permitted to take advantages of his own wrong and question a jurisdiction invoked by himself.

No. 747. Submitted December 9, 1897. Decided January 5, 1898.

HEARING on an appeal by a judgment defendant from an order overruling a motion to quash a writ of execution. *Affirmed.*

The COURT, in its opinion, stated the case as follows:

The appellant, Brainard H. Warner, on October 28, 1895, was sued before a justice of the peace of the District of Columbia, as guarantor of the interest upon a promissory note for $5,000. The note, for the principal of which it seems he had not become liable, bore date on August 17, 1892, and was payable one year thereafter, with interest payable semi-annually at the rate of seven per centum per annum. The note itself, therefore, had become due; and it seems that it remained unpaid. It was the interest on it for the six months ending August 17, 1895, amounting to $175, which was sought to be recovered in the suit.

The justice of the peace, who undoubtedly had jurisdiction of the case under the law, issued process, which was duly served by a constable upon the appellant as defendant in the suit. This process was made returnable on October 31, 1895. On October 30, 1895, the day before that set for

the return, the appellant applied to the Supreme Court of the District of Columbia, by petition, for a writ of *certiorari* for the removal of the cause from the court of the justice of the peace to the Supreme Court of the District for trial, solely upon the ground of the concurrent jurisdiction of the latter tribunal; and the writ was issued, and the cause removed on the same day, the justice making due return of his proceedings in the premises, and taking no further steps in the cause.

Thereupon, without objection from the appellee, William H. Jenks, who made no motion to quash the writ of *certiorari*, and who in no manner questioned the right of the Supreme Court of the District to proceed with the cause, a trial was had in that court, and verdict and judgment were rendered for the plaintiff in the original proceeding, in February, 1896, for the amount of his claim, $175. An appeal was noted by the defendant, the appellant, which was afterwards abandoned; and upon its abandonment a writ of *fieri facias*, by way of execution, was issued on September 24, 1897. A motion was made by the defendant to quash this execution, on the ground that the Supreme Court of the District was without authority, as decided by this court on March 17, 1896, in the case of *Hendley* v. *Clark*, 8 App. D. C. 165, to order the removal of the cause from the justice of the peace by means of the writ of *certiorari*, and that all the proceedings in the Supreme Court of the District were null and void. The motion to quash the writ of execution was overruled; and from the order overruling it the defendant in the suit has appealed to this court.

*Mr. Henry E. Davis* and *Mr. E. H. Thomas* for the appellant:

1. As between courts of competent jurisdiction, that which first acquires jurisdiction should retain it and proceed to the final determination of the case. The writ of *certiorari* as used in this case was wholly unwarranted and unauthor-

ized by law. The purpose of the statute enlarging the jurisdiction of the justices of the peace contemplated the removal of such a case as this from the court of general jurisdiction. The justice of the peace having acquired jurisdiction of the case, his jurisdiction thereupon became *exclusive* and that jurisdiction could not be ousted by the issue of a writ of *certiorari*. *Hendley* v. *Clark*, 8 App. D. C. 165.

The only office of the writ is to bring before the court awarding it the record of the proceedings of the inferior tribunal, and the judgment must be either that the writ be quashed for want of jurisdiction, or for illegality in the mode of procedure, otherwise constitutional and statutory limitations would be utterly useless. *Hamilton* v. *Harwood*, 113 Ill. 154. Where in a common law *certiorari* a court goes further than affirming or reversing its proceedings it acts without jurisdiction and such part of the order is void. *People* v. *Ferris*, 36 N. Y. 218. Courts will vacate process based on void judgments, and thereby relieve the defendant from annoyance (Freeman on Ex., Sec. 73), and from an order refusing to quash an execution the proceeding will be reviewed on appeal. *Avery* v. *Babcock*, 35 Ill. 175; *Mabry* v. *State*, 9 Yerg. 208.

"The trial of such causes is not *de novo*," the judgment is that the proceedings be either quashed or affirmed and consent will not give jurisdiction. *Turnpike Co.*, 62 Ala. 93; *Whilebeck* v. *Hudson*, 50 Mich. 86; *Kane* v. *State*, 70 Md. 546.

2. An appeal, even if the justice of the peace had no jurisdiction, will not give the superior court jurisdiction. *Collins* v. *Woodruff*, 9 Ark. 463; *Camp* v. *Wood*, 10 Watts, Pa. 118; *State* v. *Judge*, 21 La. Ann. 258. The want of jurisdiction is a matter that may always be set up against a judgment, when it is sought to be enforced, or where any benefit is claimed under it. *Latham* v. *Edgerton*, 9 Cowen, 227; *Wildman* v. *Rider*, 23 Conn. 172; *United States* v. *Hucka-*

*bee,* 16 Wall. 414. A court may have jurisdiction over the parties and the subject-matter, yet if it makes a decree which is not within the powers granted to it by the law of its organization, its decree is void. *United States* v. *Walker,* 109 U. S. 258. Consent cannot confer jurisdiction in case of *certiorari* when the law excludes. *Winn* v. *Freele,* 19 Ala. 171. The appellant is not estopped from contesting the validity of the judgment in this case, even though no objection was made to the jurisdiction over the parties and the subject-matter. *Mercer* v. *Chace,* 9 Allen, 242. A judgment, invalid for want of jurisdiction, is absolutely void; and the person against whom it is rendered is under no obligation to take any direct steps for its cancellation. *Taylor* v. *Tenney,* 1 App. D. C. 227.

Again, where the question of jurisdiction was not raised in the court below and such want of jurisdiction appears on the record, the trial court is bound to take notice of the want of jurisdiction. *Mansfield* v. *Winter,* 10 App. D. C. 549. And, where a cause had proceeded to trial on the merits and it appeared to the court on appeal that an indispensable party's citizenship did not appear, the case was dismissed for want of jurisdiction. *Gaylord* v. *Kelshaw,* 1 Wall. 81.

*Mr. Samuel Maddox* for the appellee:

1. Exclusive jurisdiction of a demand involving upwards of $100, does not arise by operation of law. It rests entirely with the party asserting the claim whether he will have the controversy tried before a justice of the peace or in the Supreme Court of the District of Columbia.

2. The maxim "consent can not give jurisdiction," applies only where the court has no jurisdiction over the subject-matter of the controversy. Jurisdiction of the person may be given by consent where not prohibited by law. Black on Judgments, Sec. 217; *Santom* v. *Ballard,* 133 Mass. 464; *Winn* v. *Freele,* 19 Ala. 172.

3. Unless some stern rule of legal procedure so requires, this court ought not to say, in effect, that all judgments heretofore rendered in the Supreme Court of the District of Columbia, in cases brought up from justices of the peace on the ground of concurrent jurisdiction alone, are absolutely null and void. The practice has been in vogue for more than a quarter of a century, and in that time, as may well be inferred, many such judgments have been entered. It would, or might, lead to endless confusion to have it now authoritatively declared that such judgments are void for any and all purposes.

Mr. Justice Morris delivered the opinion of the Court:

It is to be noted that the trial in this case was had and the verdict and judgment rendered before the decision of this court in the case of *Hendley* v. *Clark*, in which, notwithstanding the practically uniform practice of twenty-five years, sanctioned by a decision of the Supreme Court of the District of Columbia, in general term, we were compelled to hold that there was no justification, either in law or logic, for the judicial nullification of Congressional enactment on the subject by the process of transferring causes from the courts of justices of the peace by means of the writ of *certiorari*, based solely upon the ground of concurrent jurisdiction, to the Supreme Court of the District for trial in the latter tribunal in the first instance. The question now raised, however, is whether in pursuance of the decision in the case of *Hendley* v. *Clark*, notwithstanding that the previous practice had been accepted in good faith, and notwithstanding that parties, including the appellant in the present case, resorted in good faith to the writ of *certiorari* for the removal of their causes from the courts of the justices of the peace, we are compelled to hold that the judgment rendered in this case, before the decision in *Hendley* v. *Clark*, and all the judgments rendered in similar cases under similar circumstances for twenty-five years, are null and void, as having

been rendered without jurisdiction.   We do not think that
an affirmative answer to this question is either required or
justified by the decision in the case of *Hendley* v. *Clark*, or
by anything that was said by this court in its opinion in that
case.

It is the proper function of the judiciary, as it is of the
legislative power, and of all the branches of government, to
deal with the present and the future, and not with the past.
The errors of the past it is proper to correct for the guidance
of future action, but accomplished facts must be taken as
far as possible to have passed from the domain of judicial
cognizance, so far as to preclude any revolutionary attempt
at rectification.   Courts, therefore, have always seduously
guarded themselves, as far as possible, against retroactive
effects in their decisions; and they will not uproot judg-
ments previously rendered, if there is any good ground
upon which to sustain such judgments, notwithstanding
that they may have been based upon a radically erroneous
practice.   The peace and good order of society and the se-
curity of titles demand that we pursue such course.

The present case, however, presents no substantial diffi-
culty.   It cannot be said that the Supreme Court of the Dis-
trict of Columbia was without jurisdiction of the class of
cases to which this belongs.   On the contrary, the statute
expressly gives it concurrent jurisdiction with the courts of
the justices of the peace in such cases.   It had jurisdiction
of the subject-matter; it acquired jurisdiction of the parties;
the appellant here expressly invoked the exercise of that
jurisdiction; and the appellee submitted to it without pro-
test or objection of any kind.   The proceedings in the court
were entirely regular and according to the due course of the
common law; and the judgment was one which it was fully
competent and authorized by law to render; and we have
no doubt that it was just.   No element whatever of jurisdic-
tion in the ordinary sense was wanting, and none is claimed
to have been absent.   The sole ground on which it is sought

to nullify the proceedings, is that the justice of the peace had already acquired jurisdiction, and that it was not thereafter competent for the Supreme Court of the District to oust him from it and to assume the jurisdiction to itself.

But the answer to this contention is, that while it would have been entirely proper for the plaintiff in his original suit before the justice of the peace to have insisted on his right to proceed in the forum of his selection, and for that purpose to have moved to quash the writ of *certiorari*, which motion the court should have allowed when made, yet it does not follow that, when the plaintiff submitted to the jurisdiction of the Supreme Court of the District, and abandoned his suit before the justice of the peace, and the justice of the peace himself relinquished his jurisdiction, upon which, under the circumstances, it would have been unseemly in him to insist, the proceedings thereafter in the Supreme Court of the District were all null and void. The disability of the Supreme Court of the District to proceed in such a case does not arise from any inherent defect of jurisdiction either as regards the subject-matter or the parties, but simply because the parties have taken their cause to another tribunal, equally competent under the law to deal with it. It could not reasonably be claimed that the parties, after invoking the exercise of this latter jurisdiction, might not of their own volition abandon it, and have recourse to the concurrent tribunal. And this is practically what happened; for in such matters we must look to the substance rather than the form. It is very true that it was not by the actual volition of both parties in the first instance that the suit was transferred to the Supreme Court of the District; but one of the parties, the one who now complains of the result of his own act, procured the transfer, and the other acquiesced in it. Both parties found themselves in a court of competent jurisdiction; it is true they were there under a process which we have adjudged to be irregular and improper; but they were there, and they agreed to proceed

there to an adjudication of their controversy.   And why was
it not competent for them so to do?   Why could they not
waive the irregularity or impropriety of the process under
which they came into this tribunal?   Why could they not
discontinue their suit before the justice, and institute a suit
for the same precise cause of action in the Supreme Court of
the District?   It will not be maintained for a moment that
the plaintiff in the original suit might not have done this of
his own volition without the concurrence and even against
the will of the defendant.   Why could he not do it with the con-
currence and consent of the defendant, and at his invitation?
And how does it matter that the invitation was conveyed in
the form of an improper and irregular proceeding?   The invi-
tation was accepted and acted upon; the suit before the justice
was abandoned; and what was to all legal intents and pur-
poses a new suit was instituted in the Supreme Court of the
District of Columbia.   A formal dismissal of the suit before
the justice was not required; for, under the practice then
prevailing, both the justice and the parties to the proceed-
ing all considered the suit in the justice's court as at an end
upon the issue and service of the writ of *certiorari.*

The fundamental vice in the appellant's argument is in
the failure to distinguish what is meant by jurisdiction in
this connection.   As we have said, there was no inherent
want of jurisdiction in the Supreme Court of the District,
either as regarded the parties or the subject-matter.   The
want of jurisdiction was as to the particular case, for the sole
reason that another court, also competent, had already
assumed jurisdiction therein.   The obstacle to the assump-
tion of jurisdiction by the Supreme Court of the District was
an extraneous obstacle—extraneous both to the subject-
matter and to the parties; but an obstacle which the parties
themselves were competent to remove, because it was one
interposed by themselves and over which they retained con-
trol.   Had the plaintiff in the cause insisted upon its reten-
tion, it would have been legally an insuperable obstacle to

any attempt by the Supreme Court of the District to assume jurisdiction; but when he himself removed or agreed to the removal of the obstacle which he had created, it is not apparent why the concurrent tribunal, then fully armed with the required jurisdiction for all purposes, could not legally and properly proceed with the cause.

This is undoubtedly a case where consent can give jurisdiction, since the only obstacle to the exercise of jurisdiction—an insuperable obstacle, it is true, while it lasts—is one that is removable at the pleasure of the plaintiff in the original suit. Consent, of course, can not give jurisdiction where the court is not authorized by law to deal with the subject-matter, or where there is some statutory provision forbidding the jurisdiction, or where the court has not power to pronounce the judgment rendered, or where it has no legal authority to proceed in the mode in which it has proceeded, or where something has arisen upon which by statutory law the jurisdiction is ousted. But it has never been heard that, where the obstacle is merely another suit pending in another court of equally competent jurisdiction, that obstacle may not be removed by the dismissal of the suit which creates it.

It is said, however, that this is not a suit instituted in the Supreme Court of the District, but the same suit that was instituted before the justice of the peace and which was improperly and illegally removed from him into the Supreme Court of the District; and it is suggested that the suit is yet, in contemplation of law, pending before the justice, and that the proper course to be pursued now is to declare null and void all the proceedings subsequent to the removal, and to order the cause to be remanded to the justice for further proceedings by him therein. But the argument goes to the form rather than the substance of the matter. Cases cited in support of it do not sustain the position.

In the cases, for example, of *Camp* v. *Wood*, 10 Watts, 118, and *Collins* v. *Woodruff*, 9 Ark. 463, suits had been

instituted in an inferior court which had no jurisdiction of the subject-matter; and when they were afterwards taken by appeal to a superior court, which had by law the original jurisdiction of them, it was held that the superior tribunal could not take cognizance of them upon the appeal. But an appeal, as we know, makes no new case; the proceedings on appeal are only a continuation of the original case. This is not a transfer from one court of competent jurisdiction to another court of competent jurisdiction, as is the case now under consideration.

Undue stress has been laid upon the statement in the opinion of this court in the case of *Hendley* v. *Clark,* to the effect that " the justice of the peace having acquired jurisdiction of the case, his jurisdiction thereupon became exclusive." We have no desire to modify the decision in that case in any manner; on the contrary, we would emphatically reaffirm it. But by the phrase referred to, it was not meant, and it is no just inference from it, that, when a justice of the peace has once taken cognizance of a case of which his court by law has jurisdiction, no other court can thereafter acquire jurisdiction of the same controversy.

On the contrary, we know well that it is no unusual thing for parties to abandon their controversies in one jurisdiction, and to have recourse to another equally competent jurisdiction for their determination. That is a matter plainly within the control of the parties, and in most cases even within the control of one of the parties, the plaintiff—who, if there are several tribunals all equally competent to adjudicate his case, may elect the tribunal which he prefers, and yet may subsequently, with or without cause, abandon that tribunal and seek his remedy in another court. This is elementary law which requires no elaboration of argument. What we meant to say in the case of *Hendley* v. *Clark* was, that unless the plaintiff chose to abandon or discontinue his case before the justice of the peace, in whose court he had first instituted it, the juris-

diction of the justice of the peace became exclusive, and the Supreme Court of the District was not warranted by the law in arrogating to itself the jurisdiction of it. If, in the case of *Hendley* v. *Clark*, the Supreme Court of the District, notwithstanding the protest of the plaintiff and his objection to the jurisdiction, had proceeded to adjudicate the cause and render judgment therein, and, at the same time, at the instance of the plaintiff, the justice of the peace had proceeded with the cause and had rendered judgment therein, we would have been compelled, in accordance with our view of the law as stated in that case, to regard the proceedings in the court of the justice of the peace as the only valid proceedings, and those in the Supreme Court of the District as a nullity. In that sense, the jurisdiction of the justice of the peace in such cases is exclusive. But that does not mean that the plaintiff before the justice of the peace may not abandon his suit in the justice's court, and may not institute his suit for the same cause of action in the Supreme Court of the District. And this we hold is precisely what was done in the case now before us.

It makes no difference that the action of the plaintiff in the premises was superinduced by a coercive and improper use of the writ of *certiorari*. He acquiesced in that use of the writ; he agreed to proceed in the Supreme Court of the District; he abandoned, according to the then-existing practice, his suit before the justice of the peace. Nor can it make any difference that no new pleadings were filed; for it was agreed between the parties by their course of action that the cause might proceed upon the pleadings made before the justice of the peace.

Whether in a case like the present the appellant should be permitted to take advantage of his own wrong, and to question at this stage the jurisdiction which he himself invoked, may well be questioned. Want of inherent jurisdiction, it is true, may always be shown by any party, and may be noticed even against the wishes of all the parties.

But it would seem that the present case is one which would fall under the principle stated by the Supreme Court of the United States in the case of *Bushnell* v. *Kennedy,* 9 Wall. 387, in which a party, having procured the removal of a cause from a State court to the Federal court, was not permitted thereafter to question the jurisdiction of the latter tribunal. But this point it is not necessary to decide in the present case, since we hold that, after the acquiescence of the appellee in the removal of the cause to the Supreme Court of the District, and in pursuance of that acquiescence there was no want of jurisdiction in that court to proceed with the cause.

Being of this opinion, we must conclude that the order appealed from must be *affirmed, with costs.    And it is so ordered.*