# Conley v. Hickey.

A notice having been given by a lessor April 16, 1901, that proceedings to obtain possession would be commenced June 16, 1901, he cannot during this time of his own motion create a new tenancy upon his own or different terms.

There having been no contract for the payment of an increased rental there was nothing upon which the judgment of the Justice could be based, and the writ of possession was prematurely issued, having been issued only one day after judgment.

PROCEEDINGS FOR POSSESSION—VERBAL LEASE—NOTICE—INCREASE OF RENTAL—DISPOSSESSION.

No. 150, June Term, 1901; C. P. of Montgomery County.

Henry M. Brownback, Esq., for Exceptions.

C. H. Stinson, Esq., for defendant in error.

WEAND, J.,—This record is full of errors from the inception of the case to its conclusion before the Justice. It would be a waste of time to do more than point to the fact that the landlord claimed possession under a pretended leasing of April 19, 1901, at $30.00 per month, payable in advance. At that time the lessee was in possession under a prior verbal lease and had been, April 16, notified that as his tenancy expired on April 16, 1901, that the landlord would on June 16, 1901, commence proceedings to regain possession.

On April 19, landlord notifies the tenant that as he did not quit the premises on April 16, that the rent from that date, April 16, would be $30 per month, payable on the 22d day of April. On April 23, another notice is served on the tenant that as the rent beginning April 16, $30.00, was unpaid that unless payment was made in fifteen days he must quit the premises.

On May 9, this proceeding was commenced and May 14, judgment given against the tenant for $30.00 being one month's rent under the alleged new leasing. On May 15, writ of possession was issued and tenant ousted. It is manifest that under the first notice the tenant could not have been dispossessed before June 16, if then, and that the landlord could not during this time, of his own motion, create a new tenancy upon his own or different terms. There was no contract for the payment of $30.00 per month rent and no tenancy therefore upon which the judgment of the Justice could be based, and no rent in arrears

b

Conley v. Hickey.

as claimed. It is unnecessary to notice the other errors appearing in the record except to say that the judgment was not according to the Act of Assembly and that the writ of possession was prematurely issued. Trimbath vs. Patterson 76 Pa. 277.

And now Sept. 12, 1901, exceptions, 11, 9, 14, 4 and 5 are sustained and proceedings reversed.